Roy H. and Gladys CARLSON,
Appellants-Plaintiffs,

v.

John DOE et al. and Mary Roe et al.,
Respondents-Defendants.

No. 23970.

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

Michael C. Boerner, Kansas City, for appellants.

Compton & Brown, Roy W. Brown, Kansas City, for respondents.

SPERRY, Commissioner.

Plaintiffs obtained an order granting a temporary injunction against defendants. From an order dissolving the injunction and dismissing the petition, plaintiffs appeal.

Plaintiffs, husband and wife, owned and occupied a residence located at 4710 Woodland Avenue, Kansas City, Missouri. They filed petition alleging their ownership of the above property and that one Robert V. Jacobi was the owner of property located at 1731, 1733 and 1735 Swope Parkway, adjoining plaintiffs' back yard. Other defendants, designated as John Doe, Mary Roe, et al., were alleged tenants of the Jacobi property. Plaintiffs sought an order temporarily restraining defendants from using plaintiffs' driveway in rear of their property, which order was issued. Thereafter, plaintiffs dismissed as to Robert V. Jacobi and filed an amended petition wherein they admitted that the driveway mentioned in their original petition existed by reason of an easement dated October 31, 1916. They alleged that there had occurred "an unreasonable and unbearable surcharge or overburden upon the aforesaid easement resulting in great and irreparable damage to the servient tenement owned by plaintiffs". The amended petition also specifically incorporated by reference "each and every allegation contained in their original petition".

Eventually, some thirteen young women, minors, entered appearance, as tenants of the Jacobi property, and a guardian ad litem was appointed for them.

Evidence was offered by plaintiffs tending to prove that large numbers of unknown persons, tenants and visitors of and to the Jacobi property had, from time to time, used the driveway, had parked cars therein and blocked it as to others, including plaintiffs; had engaged in loud, raucous parties on the premises; had played radio or T-V music loudly, at all hours of the night, to the distress of plaintiffs and other nearby residents; that such unknown persons had thrown beer cans on plaintiffs' property, had driven over their back yard, and had parked their cars therein, damaging and ruining their flowers and grass. In short, it appeared from the overwhelming weight of the evidence that plaintiffs have been so disturbed by such conduct as to have lost the enjoyment of their home and property. Police had been called a number of times and had, on several occasions, taken various unknown or unidentified persons in custody at the premises. Such arrests had had no appreciable effect so far as relieving the intolerable conditions described in evidence.

However, there is no substantial evidence tending to prove the identity of the offenders. There is no evidence tending to prove that the various defendants herein are the culprits. The evidence only shows, at most, that such defendants were, at the time of the filing of the petition and of their entry of appearance, tenants of the Jacobi prop-

erty. It does not appear that they were even tenants at the various times when the acts complained of took place, or that anyone of them participated therein.

Plaintiffs failed to make a submissible case, as against defendants, on any theory.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.